In the Matter of the Estate of BURT C. JOHNSON, Deceased.

Surrogate's Court, Erie County, February 18, 1936.

*Albert A. Bird,* for the executors.

*Jay C. Sexton,* for Esther Boyd Burns, beneficiary.

*Richard A. Grimm,* special guardian for the infant, Burt Crockett Johnson.

HART, S.   The decedent, in his last will and testament, gave his wife, among other things, " all his interest in book accounts due him for professional services."   Subsequent to the date of the making of the will, the decedent, who had been in partnership with his nephew, Harold B. Johnson, in the practice of medicine and surgery, entered into a dissolution agreement, by the terms of which he sold and transferred all notes due the partnership and all interest in book accounts due for professional services.   The agreement provided for an initial payment and $200 monthly until the entire purchase price was paid.   There was money due under this agreement at the date of death of the testator.

I hold that part of the legacy bequeathing the book accounts was adeemed by the sale of the same during the lifetime of the testator.

The deceased also bequeathed to his wife " all notes due me which I may die possessed of."   The question arises as to certain notes, to which, as collateral, certain mortgages were given covering real property in the State of North Dakota.   Counsel for the executors claims that it was not the intention of the testator to

bequeath these notes to the widow, but, on the contrary, to bequeath promissory notes under this clause. It will be noted that the testator did not specify promissory notes and I can find no reason for assuming that the testator intended to exclude from this bequest the notes in question. If he had intended otherwise, he could very easily have distinguished these notes from others.

" The courts will read a will as a whole in order to discern the intention of a testator. When that intention is discovered, the courts will not thwart it by strict and grammatical construction of particular clauses. Punctuation may, it has been said, be disregarded and phrases transposed in order to give effect to the intention of the testator. None the less, the intention must be revealed by the language of the will. The words must be construed in order to find the sense in which they were used by the testator. *They may not be perverted or disregarded in order to give effect to an intention which possibly the testator may have had but which is not revealed by the language used in the will.*" (*Matter of Nelson*, 268 N. Y. 255, 258.)

I, therefore, hold that the notes in question belong to the widow. Let a decree of judicial settlement be filed accordingly.